IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY BORDELON THOMPSON PLAINTIFF

v. Civil No. 6:26-CV-06075-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kimberly Bordelon Thompson, brings this action pursuant to 42 U.S.C. § 405, seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. (ECF No. 2, pp. 1-3; ECF No. 8, pp. 1720-1732). The case is presently before the Court on the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 14-15). The parties have consented to a decision by the United States Magistrate Judge. (ECF No. 7). The Court has fully considered the issues, and, for the reasons given below, the motion for reversal and remand is GRANTED.

Following this Court's bench ruling in *Thompson v. Bisignano*, No. 6:24-CV-06076 (W.D. Ark. June 12, 2025), Plaintiff was afforded a hearing on January 22, 2026. (ECF No. 8, pp. 1743-1789). She appeared with her attorney representative, and the ALJ received evidence and testimony from Plaintiff and a vocational expert. (*Id.,* pp. 1743, 1751-1789). By written decision dated February 9, 2026, the ALJ determined that Plaintiff was not entitled to benefits. (*Id.,* pp. 1720-1732). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 7, 2026, rendering the decision final. (*Id.,* pp. 1711-1715).

Plaintiff initiated this civil action on May 27, 2026, by filing a Complaint pursuant to 42 U.S.C. § 405(g). (ECF No. 2). As permitted by the Supplemental Rules for Social Security, the Commissioner answered the Complaint by filing the Social Security Transcript on July 22, 2026. (ECF No. 8). *See* Fed. R. Civ. P. Supp. R. Soc. Sec. 4(b) (stating that the answer in a proceeding under 42 U.S.C. § 405(g) may be limited to a certified copy of the administrative record). Plaintiff timely filed her Appeal Brief on September 21, 2026. (ECF No. 13).

In her Complaint, Plaintiff seeks reversal and the award of benefits or further administrative proceedings pursuant to 42 U.S.C. § 405(g). (ECF No. 2, p. 3). In her Appeal Brief, Plaintiff argues that the ALJ did not properly evaluate the evidence of Plaintiff's longstanding impairment of fibromyalgia and that the ALJ did not identify all of Plaintiff's impairments when formulating her residual functional capacity. (ECF No. 13, pp. 3-20).

On September 29, 2026, the Commissioner filed the instant motion, acknowledging that, upon further review of the ALJ's decision and the certified administrative record, the case merits reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 14-15). The Commissioner further represents that Plaintiff, by her counsel, has confirmed that she does not oppose the motion. (ECF No. 14, p. 1).

"Sentences four and six of § 405(g) outline 'the exclusive methods by which district courts may remand to the [Commissioner][.]'" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (alteration added)). Relevant here, the fourth sentence of § 405(g) authorizes a court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court has observed that this language permits a remand to be made in conjunction with a

substantive ruling as to the correctness of the administrative decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991) (noting the requirement of a substantive ruling is one of the distinguishing features of a sentence-four remand).[1] *See also Pottsmith*, 306 F.3d at 528 (same).

As noted, Plaintiff argues that the record does not evince substantial evidence to support the Commissioner's decision, and she seeks reversal and further proceedings. (ECF No. 2, p. 3; ECF No. 13, pp. 3-20). The Commissioner—without contesting Plaintiff's substantive arguments—concedes that reversal and remand pursuant to sentence four is necessary. (ECF Nos. 14-15). Accordingly, the Court **GRANTS** the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g); **REVERSES** the final decision of the Commissioner; and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED on this 6th day of October 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

[1]Under sentence six, which is not implicated here, "the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Travis v. Astrue*, 477 F.3d 1037, 1039-1040 (8th Cir. 2007) (internal quotation and citation omitted).