IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY BORDELON THOMPSON PLAINTIFF

v. Civil No. 6:26-CV-06075-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kimberly Thompson, brought this civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying disability benefits. (ECF No. 2). The parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes in the case pursuant to 28 U.S.C. § 636(c). (ECF No. 7). On October 6, 2026, the undersigned entered final judgment reversing and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17). Presently before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("Motion"). (ECF No. 18-20). The Commissioner has filed a Response, stating that he does not oppose Plaintiff's Motion. (ECF No. 21, p. 2).

## I. Discussion

Plaintiff filed her Motion on October 26, 2026, pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). She seeks attorney fees and costs for 30.93 hours of attorney work performed in 2026 at the hourly rate of $257.00, which totals $7,949.01. (ECF No. 18, pp. 4-5; ECF No. 19, pp. 2, 7; ECF No. 20, pp. 1-3). On November 16, 2026, Defendant filed a response affirmatively stating he has no objection to Plaintiff's prevailing party status, the issue of substantial justification, or the attorney's stated hourly rate and itemized time worked. (ECF No. 21, p. 2).

It is the opinion of the undersigned that Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the Commissioner's decision to deny benefits was not substantially justified, the hourly rate requested by Plaintiff's attorney does not exceed the CPI for the year in question and the asserted time the attorney spent representing Plaintiff before the Court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living and may proportionally increase the attorney's rate per hour in accordance with the United States Department of Labor's Consumer Price Index ("CPI")); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (reasonableness of award entails consideration of the following factors: the time and labor required; difficulty of questions involved; skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Upon consideration of the foregoing authority and relevant factors, the Court concludes that Plaintiff is entitled to an attorney fee award under the EAJA in the amount of $7,949.01.[1]

---

[1] Plaintiff's counsel has provided a declaration itemizing 30.93 hours of work she performed in this case in 2026, and she correctly notes that the hourly compensation rate, properly adjusted for 2026, is $257.00. In the Motion, however, the requested fee amount either contains a typographical error or has been miscalculated to be $7,049.01. (ECF No. 18, p. 5). Defendant has noted the discrepancy but does not dispute the hourly rate or the total hours worked, as described in opposing counsel's declaration. (ECF No. 21, p. 1, n. 2; ECF No. 20, pp. 1-3). Accordingly, the Court has determined the amount of the fee award by multiplying the hourly rate by the total hours worked, as those numbers appear in Plaintiff's declaration.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if Plaintiff has executed a valid assignment to her attorney of all rights in a fee award and owes no outstanding debt to the federal government, the fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$7,949.01** for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 23rd day of November 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE